# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICARDO GABINO,**

    **Plaintiff,**

v.                                                              Case No. 05-C-417

**WALWORTH COUNTY JAIL,**
**DR. BOHLMAN, ELIZABETH PETERS,**
**and HEALTH PROFESSIONALS LTD.,**

    **Defendants,**

## ORDER

    Plaintiff Ricardo Gabino, who is incarcerated at New Lisbon Correctional Institution, lodged a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

    Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). He has been assessed and paid an initial partial filing fee of $11.41. See id.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325

(1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the

2

Case 2:05-cv-00417-LA   Filed 06/06/05   Page 2 of 8   Document 4

grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

Plaintiff was detained at the Walworth County Jail at all times relevant. The defendants are Walworth County Jail, Dr. Bohlman, Nurse Elizabeth Peters, and Health Professionals, Ltd.

According to the complaint, plaintiff had symptoms of "occasional throwing up, severe pain in lower left side of my stomach, pain in my left testicle, also there was an intense throbbing pain in rectum that affected bowel movements." (Compl. ¶ IV.A.) He complained about his symptoms, requested to see a doctor, and was referred to defendant Nurse Peters. Plaintiff alleges that Nurse Peters "refused to give proper medical attention and diagnosis was negligent from her stating that what I had was nothing." Id. On December 6, 2003, plaintiff was seen by defendant Dr. Bohlmann who diagnosed him with a sexually transmitted disease and prescribed medication. Dr. Bohlmann saw plaintiff again on February 17, 2004, diagnosed prostate enlargement, and prescribed more medication.

Plaintiff also alleges that on or about September 17, 2004 and September 25, 2004, Nurse Peters refused to give him medical attention of any kind because he did not have any money. Plaintiff seeks monetary damages for pain and suffering, discrimination, and injuries.

3

It is well-established that a pretrial detainee must be afforded certain protections under the Fourteenth Amendment, including access to adequate medical care. Jackson v. Ill. Medi-Car, Inc., 300 F.3d 760, 764 (7th Cir. 2002) (citations omitted). Due process rights are at least as great as the protections afforded a convicted prisoner under the Eighth Amendment. Id. Accordingly, when considering a pretrial detainee's claim of inadequate medical care, the analogous standards under the Eighth Amendment are often used. Id.

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); see also Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Zentmyer v. Kendall County, Ill., 220 F.3d 805, 810 (7th Cir. 2000).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). Factors that indicate a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Gutierrez, 111 F.3d at 1373 (citations omitted). A medical condition need not be life-threatening to qualify as serious and to support a § 1983 claim, providing the denial of medical care could result in further significant injury or in the unnecessary infliction of pain. See Reed v. McBride, 178 F.3d 849, 852-53 (7th Cir. 1999); Gutierrez, 111 F.3d at 1371.

4

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." Tesch v. County of Green Lake, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. See Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991). A finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless." Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001) (citing Farmer, 511 U.S. at 840-42).

Plaintiff alleges that he requested medical attention and was subsequently seen by the nurse and the doctor, who diagnosed and prescribed him medication. In other words, plaintiff was treated. His contention that the treatment was negligent does not implicate the Constitution because negligence is not actionable in suit under 42 U.S.C. § 1983 complaining about the infliction of cruel and unusual punishment. Thomas v. Farley, 31 F.3d 557, 558 (7th Cir. 1994); see also Antonelli v. Sheahan, 81 F.3d 1422, 1429 (7th Cir. 1996).

However, plaintiff also alleges that he was later denied medical treatment because he did not have the money to pay for it. In prisons, since inmates are deprived of the ability to seek health care on their own, the state is obligated to provide basic health care. As the Supreme Court explained in DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989):

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being.... The rationale for this is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs--e.g., food, clothing, shelter, medical care, and reasonable safety--it transgresses the

5

substantive limits on state action set by the Eighth Amendment and the Due Process Clause.

Accordingly, plaintiff may proceed in this case based on allegations that he was denied medical care because he lacked adequate funds to pay for it.

### Defendants Walworth County Jail and Health Professionals Ltd.

The complaint does not contain any allegations with respect to defendant Walworth County Jail, although it is named in the caption of the complaint. Although counties are "persons" for purposes of § 1983, liability against counties nevertheless may not arise vicariously; counties cannot be held liable under § 1983 on a respondeat superior basis. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978). Instead, counties are liable only for acts for which the entity itself is responsible, meaning acts the entity has embraced as policy or custom. Id. at 690-91, 694. Unconstitutional policies can take three forms:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused with final policy-making authority.

Palmer v. Marion County, 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted). Because plaintiff has not alleged any facts indicating that defendant Walworth County Jail has embraced any unconstitutional policies or customs, it will be dismissed from this action.

It is not clear whether Health Professionals Ltd. is a state actor under 42 U.S.C. §1983. In any event, there are no complaint allegations involving that entity and therefore it will also be dismissed from this action.

6

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed in forma pauperis be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Walworth County Jail and Health Professionals Ltd. are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $238.59 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

7

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 6 day of June, 2005.

/s_____
LYNN ADELMAN
District Judge