# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICARDO GABINO,
        Plaintiff,

  v.                                                                       Case No. 05C417

ELIZABETH PETERS,
        Defendant.

## DECISION AND ORDER

Plaintiff Ricardo Gabino, a Wisconsin state prisoner, brought this § 1983 action claiming that defendant Elizabeth Peters violated his rights under the Eighth Amendment. I previously denied both plaintiff's and defendant's summary judgment motions. The parties now renew such motions.

I outlined the facts of the case in my previous decision with which I presume familiarity. Briefly summarized, plaintiff had a serious hernia for which he took the prescription Trillisate. His prescription expired on September 2, 2004. On September 17, 2004, plaintiff asked defendant for the medication, and defendant told him that his prescription had expired. Plaintiff asked for a form to request additional medication. Plaintiff states that defendant said that he had no money in his prison account and therefore could not get medical attention or medication and that defendant refused to provide him with a form.

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In evaluating a motion for summary judgment,

the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). To survive summary judgment on his Eighth Amendment medical treatment claim, plaintiff must show (1) that he had an objectively serious medical need and (2) that defendant acted with deliberate indifference to his health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Neither party has presented new evidence or argument that would lead to a different result from the one in my earlier decision. Plaintiff argues that defendant is not credible, and witnesses will attest to his version of the facts. However, this is not a ground for summary judgment. Defendant asserts that she is entitled to summary judgment because there is no evidence that she exhibited deliberate indifference to plaintiff's serious medical needs. In my previous decision, I noted that the record contained sufficient evidence to enable a reasonable jury to infer that plaintiff's pain amounted to an objectively serious medical need. I stated that the need to relieve chronic and substantial pain, such as the pain associated with a hernia, was a serious medical need. See Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997); see also MayoClinic.com, "Inguinal hernia," at http://www.mayoclinic.com/invoke.cfm?id=DS00364. I also noted that in assessing the seriousness of a medical need, the Seventh Circuit compares the benefit of pain management with the cost of treatment required. Ralston v. McGovern, 167 F.3d 1160, 1162 (7th Cir. 1999). In the present case, under plaintiff's version of the facts – in which he only asked for a request form – the benefit outweighed the cost. See id.

Defendant argues that plaintiff did not request his prescription during the two weeks prior to the alleged incident, and therefore his pain and resulting need for medication could not have been serious. As I previously discussed, however, plaintiff had a hernia and was

2

scheduled to undergo surgery. Thus, the fact that he did not request medication during the two weeks prior to his request to defendant does not ipso facto mean that he did not have a serious need for medication. See Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (noting that a serious medical need is one that has been diagnosed by a physician). A reasonable jury could conclude that he was experiencing a serious pain associated with his injury when he asked for a form, even if he had not experienced such pain in the previous two weeks. This is particularly so in light of the minimal cost to defendant of satisfying plaintiff's request. See Ralston, 167 F.3d at 1162. Thus, as discussed in my previous decision, I cannot conclude that plaintiff's pain did not amount to a serious medical need.

Plaintiff must also present sufficient evidence to enable a reasonable jury to conclude that defendant acted with deliberate indifference to his serious medical need. Farmer, 511 U.S. at 834-35. A prison official acts with deliberate indifference when "[she] knows of and disregards an excessive risk to inmate health or safety; [she] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." Id. at 837. As discussed in my previous decision, if defendant refused plaintiff's request for a medical request form for an arbitrary or illegitimate reason, such as a lack of prison account funds, a reasonable jury could conclude that she exhibited deliberate indifference to plaintiff's needs. (See Elizabeth Peters Aff. ¶ 6) (conceding that the amount of funds in an inmate's account is irrelevant to his right to treatment). Although defendant states that she did not deny plaintiff's request based on his ability to pay, I must view the evidence in the light most favorable to plaintiff. Matsushita, 475 U .S. at 587. Thus, as in Gil v. Reed, 381 F.2d 649, 661 (7th Cir. 2004), an unexplained

3

Case 2:05-cv-00417-LA    Filed 08/10/07    Page 3 of 5    Document 68

scheduled to undergo surgery. Thus, the fact that he did not request medication during the two weeks prior to his request to defendant does not ipso facto mean that he did not have a serious need for medication. See Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (noting that a serious medical need is one that has been diagnosed by a physician). A reasonable jury could conclude that he was experiencing a serious pain associated with his injury when he asked for a form, even if he had not experienced such pain in the previous two weeks. This is particularly so in light of the minimal cost to defendant of satisfying plaintiff's request. See Ralston, 167 F.3d at 1162. Thus, as discussed in my previous decision, I cannot conclude that plaintiff's pain did not amount to a serious medical need.

Plaintiff must also present sufficient evidence to enable a reasonable jury to conclude that defendant acted with deliberate indifference to his serious medical need. Farmer, 511 U.S. at 834-35. A prison official acts with deliberate indifference when "[she] knows of and disregards an excessive risk to inmate health or safety; [she] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." Id. at 837. As discussed in my previous decision, if defendant refused plaintiff's request for a medical request form for an arbitrary or illegitimate reason, such as a lack of prison account funds, a reasonable jury could conclude that she exhibited deliberate indifference to plaintiff's needs. (See Elizabeth Peters Aff. ¶ 6) (conceding that the amount of funds in an inmate's account is irrelevant to his right to treatment). Although defendant states that she did not deny plaintiff's request based on his ability to pay, I must view the evidence in the light most favorable to plaintiff. Matsushita, 475 U .S. at 587. Thus, as in Gil v. Reed, 381 F.2d 649, 661 (7th Cir. 2004), an unexplained

and possibly arbitrary refusal to provide plaintiff with the request form is "sufficient to create a genuine issue of fact regarding [defendant's] state of mind."

Defendant argues that she was not subjectively aware of a substantial risk to plaintiff. She argues that because plaintiff did not request his medication in the two weeks prior to the alleged incident and because he did not request the form through the allegedly appropriate channels, she could infer that the risk of harm in ignoring plaintiff's request was minimal. Although I cannot say that defendant could not have reasonably drawn this inference, it is equally likely that when plaintiff requested the form, he did so because his pain and the need to continue the previously prescribed treatment was substantial. This is a close question. However, if the jury believes plaintiff's version of the facts when it considers the seemingly arbitrary reason for defendant's denial of his request, it could reasonably conclude that defendant acted with a deliberately indifferent state of mind. See Gil, 381 F.3d at 661-62. Furthermore, here, as in Gil, the cost of responding to plaintiff's medical need was effectively zero. Yet, instead of simply retrieving the form,[1] defendant allegedly chose to do nothing. Recognizing that "the civilized minimum [of care] is a function both of objective need and of cost," Ralston, 167 F.3d at 1162, defendant's decision not to act when the cost to respond was so trivial is enough for plaintiff to survive summary judgment on the issue of defendant's culpability. See Gil at 662.

Finally, defendant argues that plaintiff suffered no actual injury. Plaintiff has presented evidence that the medication helped him to "move around" and "stand." A jury

---

[1] As noted in my previous order, it remains unclear if it was defendant's responsibility to provide inmates with a medical request form.

4

could infer that defendant's decision to withhold the request form caused plaintiff additional suffering as a result of being without his medication for some period of time.[2]

Therefore, I will deny both parties renewed motions for summary judgment as material questions of fact exist for a jury to resolve. Because it appears that this case will be going to trial, I will seek an attorney who is willing to represent plaintiff. Assuming that I find such an attorney, I will then enter an order appointing counsel and setting a scheduling conference for all of the attorneys involved.

Therefore,

**IT IS ORDERED** that defendant's renewed motion for summary judgment is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's renewed motion for summary judgment is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10 day of August, 2007.

/s_____
LYNN ADELMAN
District Judge

---

[2]Defendant notes that even if she provided plaintiff with the request form, he would not have received Trilisate until September 20, 2004, resulting in only four potentially missed doses. (Peters' Mot. Summ. J. Renewed Att. 1 (Cullinan Aff.) at ¶ 7.) This may indicate that any damages that plaintiff may have suffered were minimal. However, a jury may nonetheless reasonably conclude that defendant caused injury.

5

Case 2:05-cv-00417-LA   Filed 08/10/07   Page 5 of 5   Document 68